UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZACHARY ZIENTARSKI, an individual,

       Plaintiff,                      Case No. 1:19-cv-____

vs.

LAKESHORE PUBLIC SCHOOLS,
a public body,

       Defendant,

and

PHILIP S. FREEMAN, individually, and
in his official capacity as the superintendent
of the Lakeshore Public Schools,

       Defendant.

William F. Piper (P38636)
William F. Piper, P.L.C.
**Attorney for Plaintiff**
1611 West Centre Avenue, Suite 209
Portage, MI 49024
Phone: 269.321.5008
Fax: 269.321.5009

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF, AND DAMAGES**

The plaintiff Zachary Zientarski , by and through his attorney William F. Piper, PLC., for his complaint, states as follows:

**JURISDICTIONAL ALLEGATIONS**

1.      The plaintiff Zachary Zientarski is a resident of the County of Berrien, State of Michigan, and he resided therein at all times relevant to this complaint.

2. The defendant Lakeshore Public Schools is a public body located in the County of Berrien, State of Michigan.

3. The defendant Philip Freeman was the superintendent of the Lakeshore Public Schools at all times relevant to this complaint.

4. This case seeks to protect and vindicate fundamental constitutional rights of Mr. Zientarski under the First and Fourteenth Amendments to the Constitution of the United States, including his right not to be subjected to a prior restraint, his right to engage in protected speech unfettered by government interference, and his right not to be subjected to retaliation because of his attempted exercise of his right to engage in protected speech.

5. Mr. Zientarski seeks declaratory and injunctive relief authorized under 28 U.S.C. §2201 and 28 U.S.C. §2202, and by Rules 57 and 65 of the Federal Rules of Civil Procedure.

6. This action arises under the Constitution and Laws of the United States, so jurisdiction arises under 28 U.S.C. §1331 and 28 U.S.C. §1343.

7. This case arises out of actions that occurred on April 24, 2017 and afterwards, in the County of Berrien, State of Michigan.

## COMMON ALLEGATIONS

8. The plaintiff restates and realleges as though fully set forth herein, paragraphs 1-7 of this complaint.

9. On April 24, 2017, the plaintiff entered an apparently unauthorized entrance to a Lakeshore Public Schools building in order to pick up a child of his from school.

10. A teacher or teachers intercepted Mr. Zientarski, and Mr. Zientarski became upset about how he was being treated.

11. After that there were numerous email exchanges and other exchanges between Mr. Zientarski and employees of the defendant Lakeshore Public Schools, including the defendant Philip S. Freeman, about how he could pick up his children, communicate with school employees and other matters.

12. A meeting was scheduled on June 1, 2017 to discuss issues of concern to Mr. Zientarski as described in paragraph 11 above.

13. The defendants then cancelled the June 1, 2017 meeting as a result of what they alleged was objectionable actions or communications by Mr. Zientarski, an allegation that Mr. Zientarski denies.

14. On June 1, 2017 the defendant issued a "no trespass" order against Mr. Zientarski that indicated that he could not, in perpetuity, enter or remain on any property occupied or maintained by the Lakeshore Public Schools **(Exhibit 1).**

15. The no trespass order indicated that Mr. Zientarski was subject to arrest if he violated it.

16. In a June 6, 2017 email, Mr. Zientarski asked if the "no trespass" order applied to school board meetings, and he noted that he planned on contesting the ban at the June 12, 2017 meeting **(Exhibit 2).**

17. In an email dated June 8, 2017 the defendants told Mr. Zientarski that he could not appear at the school board meeting without being arrested, and he could not appeal the broad no trespass order **(Exhibit 3).**

18. Fearful of being arrested, Mr. Zientarski did not appear at the June 12, 2017 school board meeting to contest the no trespass order.

19. Afterwards the defendant obtained personal protection orders against Mr. Zientarski.

20. Mr. Zientarski was also arrested on a stalking charge related to another person.

21. Because Mr. Zientarski did not have the funds to bail himself out of jail or contest the personal protection orders, he languished in jail for several months.

22. On December 21, 2017 Mr. Zientarski, through counsel, wrote a letter to Philip Freeman asking that the in perpetuity no trespass order, including a ban on appealing it, be rescinded **(Exhibit 4).**

23. The defendants responded with a letter dated January 12, 2018 indicating that they were not inclined to lift the no trespassing order but that they would offer Mr. Zientarski an opportunity to address the board of education following the expiration of the personal protection order, in July 2018 **(Exhibit 5).**

24. The defendants further indicated that they would contact counsel for Mr. Zientarski after July 12, 2018 to discuss Mr. Zientarski's opportunity to address the board **(Exhibit 5)**.

25. The defendants did not contact counsel for Mr. Zientarski after July 12, 2018.

26. In a letter dated October 2018, and in a follow up certified letter dated November 14, 2018, counsel for plaintiff inquired whether the no trespass order remained in effect. Counsel for plaintiff then asked the defendant to contact counsel for Mr. Zientarski no later than 1:00 p.m. on November 21, 2018 regarding the issue in question **(Exhibits 6 and 7).**

27.     The defendants did not in any way respond to counsel for Mr. Zientarski's letters.

28.     As a result of the actions and inactions set forth above by the defendants, the plaintiff has suffered and will continue to suffer emotional distress, vexation, indignity, humiliation and other consequential damages.

### COUNT I – VIOLATIONS OF MR. ZIENTARSKI'S FREE SPEECH AND PETITION RIGHTS

29.     The plaintiff restates and realleges as though fully set forth herein, paragraphs 1-28 of this complaint.

30.     The defendants' in perpetuity no trespass order, which was more broad than necessary to protect students and school employees, the appeal ban, and the ban on Mr. Zientarski to appeal at the school board meeting to contest and criticize the no trespass order and appeal ban, violated Mr. Zientarski's free speech First Amendment rights in numerous ways, including as follows:

  A.    They constitute an unconstitutional prior restraint;

  B.    They restricted Mr. Zientarski's right to petition the government for a redress of grievances.

  C.    They were was overbroad in time and scope.

31.     The restrictions set forth in paragraph 30 above, supported in part with a threat of arrest if violated, would deter a person of ordinary firmness from engaging in the speech and petitioning activities he desired.

32.     The defendants' conduct violated clearly established rights under the First and Fourteenth Amendments to the Constitution of the United States.

33. The defendants could not reasonably have believed that their actions were within the constitutional limitations of their authority under the First and Fourteenth Amendments to the United States Constitution.

34. These claims are actionable under 42 U.S.C. §1983 and 42 U.S.C. §1981a.

35. As a result of the violations and continuing violations set forth above, Mr. Zientarski has suffered and will continue to suffer the damages set forth above.

WHEREFORE, the plaintiff requests the following:

A. A declaration that the defendants in perpetuity restrictions on Mr. Zientarski's rights of free speech and petitioning the government for a redress of grievances violated the First and Fourteenth Amendments to the Constitution of the United States because the restrictions are on their face overbroad, vague and unconstitutional;

B. A preliminary and permanent injunction to prevent the defendants from continuing to enforce a no trespass ban on Mr. Zientarski and the speech and petition restrictions against Mr. Zientarski;

C. An award to Mr. Zientarski of nominal or actual damages, as the circumstances may require, for his past and future damages and injuries.

D. Award Mr. Zientarski reasonable attorney's fees, costs, and expenses pursuant to 42 U .S.C. §1988 and other applicable laws;

E. Grant such other and further relief as this court deems fair and just.

### **COUNT II – FIRST AMENDMENT RETALIATION**

36. The plaintiff restates and realleges as though fully set forth herein, paragraphs 1-35 of this complaint.

37. The defendants retaliated against Mr. Zientarski for his petitioning and protected speech activities by issuing an in perpetuity no trespass order and ban against him that included not only banning him from property at which their schools are located but also school board meetings, without an opportunity to appeal the bans.

38. The bans were retaliatory and overbroad.

39. The defendants could not reasonably have believed that their actions were within the limitations on their authority under the First and Fourteenth Amendments to the United States Constitution.

40. This claim is actionable under 42 U.S.C. §1983.

41. The defendants' actions deterred Mr. Zientarski, and it would deter a person of ordinary firmness, from engaging in protected speech and petitioning activities in question.

42. As a result of the unlawful actions set forth above, the plaintiff has suffered and will continue to suffer the damages set forth above.

WHEREFORE, the plaintiff requests that this court:

A. Award Mr. Zientarski nominal or actual damages, as the case may require, for his past and future damages and injuries;

B. Award Mr. Zientarski reasonable attorney's fees, costs, and expenses pursuant to 42 U.S.C. §1988 and other applicable law;

C. To grant such other and further relief as this court deems fair and just.

Dated: September 6, 2019                WILLIAM F. PIPER, PLC.
                                        Attorney for Plaintiff

                                        By:   /s/ William F. Piper
                                              William F. Piper (P38636)